IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-cv-00643-FDW-DCK

| | |
|---|---|
| BRANDOM PATRICK LINK,<br><br>    Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA STATE POLICE; TODD A. ADAMSKI; LIBERTY TRANSPORTATION, INC.; JOSEPH HUTH; MARC PALLA; and LANDMARK LEASING, INC.<br><br>    Defendants. | ORDER |

**THIS MATTER** comes before the Court on Defendants Landmark Leasing, Inc. ("Landmark"), Joseph Huth, Liberty Transportation, Inc. ("Liberty"), and Marc Palla's (collectively "Moving Defendants") Motion to Dismiss for Lack of Jurisdiction, Or, Alternatively, Motion to Transfer Venue to the United States District Court for the Western District of Pennsylvania. (Doc. No. 17). For the reasons that follow, the Motion to Transfer Venue to the United States District Court for the Western District of Pennsylvania is **GRANTED**.

## I. PROCEDURAL HISTORY

In July 2013, Plaintiff filed a complaint against Defendants in the United States District Court for the Western District of Pennsylvania, alleging various causes of action against Defendants that arose out of his employment with Liberty and his arrest on January 10, 2013.

1

On November 17, 2014, the Honorable Cathy Bissoon granted Plaintiff's voluntary dismissal of that case. Thereafter, the Plaintiff filed the present action in this Court on November 19, 2014.

On May 18, 2015, the Moving Defendants filed the instant Motion to Dismiss for Lack of Jurisdiction, or, Alternatively, to Transfer Venue. Defendants' motion, (Doc. No. 17), has been fully briefed by the parties and is now ripe for review.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have discretion to adjudicate motions for transfer based on notions of fairness and convenience. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 23 (1988).

In exercising this discretion, the Court determines whether the case should be transferred for the convenience of the parties, witnesses, and in the interest of justice. To make this determination, this Court applies a balancing test and considers various factors in deciding whether transfer is appropriate. Jim Crockett Promotions, Inc. v. Action Media Grp., Inc., 751 F. Supp. 93 (W.D.N.C. 1990). The factors to be considered include:

    1. The plaintiff's initial choice of forum;
    2. The residence of the parties;
    3. The relative ease of access of proof;
    4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
    5. The possibility of a view;
    6. The enforceability of a judgment, if obtained;
    7. The relative advantages and obstacles to a fair trial;

>8. Other practical problems that make a trial easy, expeditious, and inexpensive;
>
>9. The administrative difficulties of court congestion;
>
>10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with state law that must govern the action; and
>
>11. The avoidance of unnecessary problems with conflict of laws.

Id. at 96. The above factors fall into three categories: (1) factors that favor neither party, (2) factors that favor the Defendant, and (3) factors that favor the Plaintiff. Id. at 98. The Court must analyze the eleven factors based on quality, not merely quantity. Id. at 96.

At the outset, the Court notes that Plaintiff's sole opposition to Moving Defendants' motion is the contention that personal jurisdiction exists in this Court. Plaintiff argues that Defendants' actions relating to Plaintiff's Abuse of Process cause of action occurred in North Carolina, thereby showing sufficient contact by Defendants with the state of North Carolina. Notably, Plaintiff neither addresses nor objects to Defendant's analysis of the considered venue factors, as discussed herein. While the failure to adequately oppose the instant motion may be one reason to support granting Defendants the relief it seeks, the Court will nevertheless briefly explain why, as a matter of law, Defendants' Motion to Transfer should be granted.

**A. §1404 Requirement**

First and foremost, §1404(a) states that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404. Thus, transfer to any given venue is proper as long as the federal venue requirements of §1391(b) are met. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 578 (2013).

Transfer of this case would not violate §1404(a) because jurisdiction is proper in the Western District of Pennsylvania. Defendants Liberty and Landmark are incorporated in and have their principal place of business in Pennsylvania. Both Defendants' offices are located at 838 Croft Road, Greensburg, PA, 15601. Defendants Mark Palla and Jospeh Huth are both residents of Pennsylvania and are each employed by a Defendant in Greensburg, PA. Thus, transfer would not violate §1404. Additionally, Plaintiff's original filing of the claims in the Western District of Pennsylvania signals a consent to personal jurisdiction over him in that district. Therefore, jurisdiction is proper in the Western District of Pennsylvania, and the §1404 requirement is met.

**B. Balancing Test**

The Court now looks to the applicable factors to determine whether a matter may be transferred. Moving Defendants argue that every factor weighs in favor of, or is at least neutral to, transferring this claim to the Western District of Pennsylvania. (Doc. No. 18).

The Court agrees with Moving Defendants that seven factors support transfer. The first factor, "Plaintiff's initial forum choice," weighs in favor of transfer because Plaintiff filed an action against Defendants in the Western District of Pennsylvania several months before Plaintiff filed the current action here. See Century Furniture, LLC v. C & C Imports, Inc., No. 1:07-CV-179, 2007 WL 2712955 at *3-4 (W.D.N.C. Sept. 14, 2007). The second factor, "residence of the parties," favors removal because only one party resides in North Carolina and five parties reside in Pennsylvania. (Doc. No. 18). Additionally, the third factor, "the relative ease of access of proof," supports transfer because Plaintiff's allegations center on documents filed in Pennsylvania and Ohio. (Doc. No. 18). Furthermore, the fourth factor, "the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing

4

witnesses," also weighs in favor of transfer. Moving Defendants contend most, if not all, potential witnesses are located in and around Pennsylvania. (Doc. No. 18). Thus, Moving Defendants argue that the burden to subpoena documents and make personal appearances for discovery purposes will be much greater in North Carolina. (Doc. No. 18). Likewise, the catch-all eighth factor supports transfer because trial in Pennsylvania requires less total expense, for the reasons stated above, including location of parties and witnesses. (Doc. No. 18). The ninth factor, "administrative difficulties of court congestion," also supports transfer because Plaintiff's initial action has already been heard in Pennsylvania. Transfer would reduce this Court's congestion without increasing congestion in Pennsylvania since the court has previously heard this case on its merits and is familiar with the facts. (Doc. No. 18). Finally, the tenth factor, "the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with state law that must govern the action," weighs in favor of transfer because Pennsylvania does have a local interest in a case that contains allegations of improper conduct by state officials and law enforcement. (Doc. No. 5).

The Court finds that four of the factors are neutral and favor neither party. The fifth factor, "the possibility of a view," is neutral because a view will not be relevant in this case. (Doc. No. 18). Additionally, the sixth factor, "the enforceability of a judgment if obtained," is neutral. Even though Defendants have no property in North Carolina, this Court could require a Pennsylvania court to enforce the judgment. (Doc. No. 18). The seventh factor, "the relative advantages and obstacles to a fair trial," is neutral because the Pennsylvania court is capable of providing a fair trial, and plaintiff has provided no evidence to assume otherwise. (Doc. No. 18). Lastly, the eleventh factor, "avoidance of unnecessary problems with conflict of laws," favors neither party because Moving Defendants contend that it is unlikely that North Carolina law will

apply and Plaintiff neither opposes that contention nor indicates which law applies. (Doc. No. 23).

The Court finds that no factors oppose transfer. Therefore, the Court finds that transfer of this matter to the United States District Court for the Western District of Pennsylvania is appropriate under §1404 and controlling law.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer to the United States District Court for the Western District of Pennsylvania is **GRANTED**. By so, the Court finds that the question of personal jurisdiction is rendered MOOT.

**IT IS SO ORDERED.**

Signed: June 18, 2015

Frank D. Whitney
Chief United States District Judge